**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GOOD OL SCHOOL LLC** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 21-5676** |
| | : | |
| **WESTCHESTER SURPLUS LINES** | : | |
| **INSURANCE COMPANY** | : | |

**McHUGH, J.**                                                              **June 6, 2024**

**MEMORANDUM**

This is an action brought under an insurance policy, arising from a carrier's denial of a claim for damage to a restaurant's roof following a storm.  The roof consists of a flat portion covered with a rubber membrane, and a sloped portion at the edge of the building.  The insurer has moved for partial summary judgment as to the claim for the flat portion of the roof, based upon admissions made by the building owner during deposition, a prior claim to the same carrier for similar damage two years before, and a lack of any expert support for the damages Plaintiff claims. Plaintiff has responded with various reports from adjusters, and a newly produced expert report, without explanation for its failure to identify an expert previously.  Considering the record as a whole, although the insurer is in a far stronger position, and Plaintiff's late production of its report comes close to being a fatal error, for the reasons that follow, summary judgment will be denied.

I.        **Relevant Factual Background**

Plaintiff operates two restaurants out of the same building in White Stone, Virginia.  Def.'s Mot., Ex. F at 18-19 (ECF 32-8).  On August 3, 2020, Hurricane Isaias passed through White Stone, and Plaintiff claims that the roof suffered damage from the storm.  Pl.'s Opp'n Br. at 4 (ECF 33).  The roof is comprised of two distinct sections: (a) a "hip-roof" sloping upward from the edges of the building, which is covered with asphalt shingles, and (b) a flat roof at the top of the building,

which is covered by a synthetic rubber known as an "EDPM membrane." Def.'s Br. at 4 (ECF 32-1). Plaintiff alleges that the hurricane ripped and punctured the EDPM membrane in multiple places. Pl.'s Opp'n Br. at 7-8.

After the storm, Plaintiff filed an insurance claim with Defendant Westchester for the damage. The policy covered damage occurring "[d]uring the policy period shown in the Declarations," which ran from September 23, 2019 through September 23, 2020. Def.'s Mot., Ex. B (ECF 32-3 at 21, 3). Plaintiff sought, in part, coverage by Westchester to replace the EDPM membrane. Def.'s Br. at 6. But after inspections by an independent adjuster and an engineer, Westchester determined that all damage to the membrane pre-dated the start of its coverage, and so denied Plaintiff's claim. *Id.*

One basis for Westchester's denial, and a partial basis for its motion here, was that Plaintiff had already made a claim for similar damage under a previous policy, after a storm in October 2018. Specifically, Good Ol School filed a notice of loss with Westchester on January 4, 2019, after Hurricane Michael, under a policy running from September 23, 2018 to September 23, 2019. Def.'s Mot., Ex. K (ECF 32-13 at 2). There, Plaintiff represented that "a large storm caused excessive damage to the roof of their building," noting that the "damage resulted in major leaks." *Id.* at 6. The notice further stated: "Insured hired a roofer to apply some temporary patches, but they need to get someone to look at damage and fix." *Id.* at 7. But after an initial inspection by Westchester, which documented various problems with the roof but "[n]o wind or [h]ail damage as reported by insured," Def.'s Mot., Ex. L (ECF 32-14 at 4), Plaintiff dropped its 2019 claim.

In this case, after Plaintiff submitted its 2020 claim following Hurricane Isaias, Westchester retained a forensic engineering firm, Envista, to inspect the roof. Envista concluded that the flat "EDPM" portion of the roof was not damaged by wind forces from Hurricane Isaias. Def.'s Mot.,

Ex. D (ECF 32-6 at 4). Westchester also took the deposition of Plaintiff's owner pursuant to Fed. R. Civ. P. 30(b)(6), who admitted that "there's been leaks for – ever since that first storm" in 2018. Def.'s Mot., Ex. F at 40:2-8 (ECF 32-8).

Westchester now moves for partial summary judgment, arguing that the combination of the earlier damage, the testimony of the property owner, and the unrebutted expert report by Envista warrant dismissal of any claim for damage to the flat portion of the roof. It acknowledges but discounts the reports from Plaintiff's adjusters as inadequate to support the claim. Plaintiff has responded by identifying various issues of fact and producing, for the first time, an expert report rebutting Envista, by Jason Elmer. Westchester replies that – aside from late production in violation of the case management order – Plaintiff's expert report suffers from other technical deficits precluding its consideration.

## II.    Legal Standard

This motion is governed by the well-established standard for summary judgment set forth in Fed. R. Civ. P. 56(a), as described by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.    Discussion

I begin by considering the import of Plaintiff's earlier claim for damage to the roof and the admissions of its owner during deposition. Having carefully reviewed the prior claim, it cannot definitively be said that damage to the roof claimed in 2019 was the same as damage claimed in 2020. And although concessions made by Mr. Davies during deposition confirm that the roof leaked before Hurricane Isaias, the source or sources of those leaks is not clear from the testimony.

The question then becomes whether Plaintiff's late production[1] and the technical defects in its expert report warrant summary judgment.

Rule 26 states that a written expert report must be signed by the preparing witness, and contain the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff's proffered expert report is not signed, nor does it meet all the other requirements. It does, however, include relevant commentary supported by evidence in the record, and fairly raises questions about some of Envista's analysis on behalf of Westchester.  The defense also invokes the rule that within the Third Circuit, an expert report offered at summary judgment must also be supported by a sworn affidavit or a declaration subscribed to under penalty of perjury.  *See Barkus v. Knirnschild*, No. 15-704, 2018 WL 1244515, at *7 (W.D. Pa. Mar. 9, 2018) ("Defendant's expert report cannot be considered on summary judgment because is it unaccompanied by an appropriate affidavit or declaration.").  This requirement stems from *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989), a case interpreting Rule 56.  In *Fowle*, the

---

[1] According to Westchester, Plaintiff did not produce Elmer's expert report until it responded to summary judgment, Def.'s Reply Br. at 3-4 (ECF 34), and Plaintiff has not contested that representation.

"substance of [an expert's] report was not sworn to by the alleged expert," and thus, the report was "not competent to be considered on a motion for summary judgment." [2]  *Id.*

Plaintiff's proffered expert report is insufficient under *Fowle* because it lacks a supporting affidavit or declaration from the expert.  But ironically, the same is also true for *Westchester's* expert report, *see generally* Def.'s Mot., Ex. D,[3] and Westchester's motion depends on acceptance of its expert's analysis as unrebutted.  Equity requires that I apply the rule in *Fowle* equally, and not discount the report of Plaintiff's expert based in part on a technical defect, while relying on a defense report suffering from that same defect.[4]

Other considerations support denial of summary judgment.  First, having invested time in review of all the reports bearing on this case, there appear to be some disputed issues of fact, even though Plaintiff faces substantial challenges.  Absent settlement, this case will require trial regardless of the resolution of this motion, and the law favors resolution of disputes on the merits.  In *Fowle* itself, the Third Circuit noted that, in general, "evidence should not be excluded on summary judgment on hypertechnical grounds."  *Fowle*, 868 F.2d at 67.

---

[2] *Fowle* dealt with 56(e), now codified at 56(c)(4) after the 2010 amendments to the Rules.  *Wodarczyk v. Soft Pretzel Franchise Sys., Inc.*, No. 12-3874, 2013 WL 5429299, at *4 (E.D. Pa. Sept. 30, 2013) (Baylson, J.).  Because of the amendments, an affidavit *or* a declaration under penalty of perjury satisfies *Fowle*.  *Hayden v. Westfield Ins. Co.*, No. 12-0390, 2013 WL 5781121, at *7 n.3 (W.D. Pa. Oct. 25, 2013), *aff'd*, 586 F. App'x 835 (3d Cir. 2014).

[3] Defendant attached an affidavit by counsel averring that their expert report is a true and correct copy, Decl. of Att'y Stephen Kempabut, but *Fowle* rejected this practice as insufficient to satisfy Rule 56.  *See Fowle*, 868 F.2d at 67; *Snead v. Casino*, No. 21-16875, 2023 WL 7151187, at *6 (D.N.J. Oct. 31, 2023) ("Snead merely annexed [the] expert report to her counsel's certification.  That is improper, and as such, the expert report is not competent evidence [under *Fowle*].").

[4] In my view, *Fowle* misapprehends the Rule 56 oath requirement by extending it to expert reports.  Rule 56(c) deals with factual assertions as they are used to prove or disprove the existence of a genuine dispute over a material fact.  In contrast, expert reports deal primarily with matters of opinion gleaned from facts provided by others.  An expert need not swear to a report for a reader to have confidence that the report accurately represents the expert's opinions.  Notably, Rule 26, which deals directly with expert reports, contains no requirement that an expert report be sworn in order to be considered.

That said, in the absence of any excuse, Plaintiff's violation of the case management order should not be overlooked.  Given that it seeks to rely upon the Elmer report, it shall, at Defendant's option, produce him for deposition at Plaintiff's expense, to include payment of reasonable fees for defense counsel's preparation and participation in the deposition.

**IV.    Conclusion**

For the reasons set forth above, Defendant's motion for partial summary judgment is denied without prejudice.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
